UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                Case No. 04-33071-DHW
                                                     Chapter 11
GENTRY STEEL FABRICATION, INC.,

          Debtor.


MEMORANDUM OPINION

A hearing on confirmation of the chapter 11 plan of liquidation filed by Gentry Steel Fabrication, Inc. was held on April 25, 2005. Merrill Lynch Business, the only impaired secured creditor, voted to accept the plan.

Shortly before the hearing, the debtor filed a motion under 11 U.S.C. § 1126(e) to disqualify or reduce the votes of unsecured creditors MBNA America and American Express. MBNA America cast four ballots rejecting the plan; American Express cast two ballots rejecting the plan.[1] The debtor contends that each is entitled to cast only one ballot even though each holds more than one claim against the debtor. If the ballots are not stricken or reduced, the unsecured class has voted to reject the plan.

Under 11 U.S.C. § 1126(c), a class accepts the plan if creditors that hold "at least two-thirds in amount and more than one-half in number of the allowed claims of such class" vote to accept the plan. The section speaks of the number of *claims* – not the number of *creditors*. Claims, not creditors, are counted in determining whether "more than one-half in number" voted to accept the plan.

Therefore, based on the plain language of 11 U.S.C. § 1126(c), the

---

[1] American Express Bank and American Express Travel Related Services each cast one ballot rejecting the plan. The debtor is not sure if the two ballots represent the same creditor, American Express. However, the court will make that assumption solely for the purposes of this memorandum.

court concludes that a creditor may cast a ballot on behalf of each claim held against the debtor. If the creditor holds multiple claims, the creditor may cast multiple ballots. *Figter Ltd. v. Teachers Ins.& Annuity Ass'n (In re Figter Ltd.)*, 118 F.3d 635 (9th Cir. 1997); *In re Gilbert*, 104 B.R. 206 (Bankr. W.D. Mo. 1989); *Concord Square Apartments v. Ottawa Properties, Inc. (In re Concord Square Apartments)*, 174 B.R. 71 (Bankr. S.D. Ohio 1994).

In addition, there is no evidence that the rejection of the plan by MBNA America and American Express was not in good faith. Therefore, there is no basis for disqualifying their ballots under 11 U.S.C. § 1126(e). *See In re Pleasant Hill Partners, L.P.*, 163 B.R. 388 (Bankr. N.D. Ga. 1994).

For the above reasons, the debtor's motion to disqualify or reduce the ballots of MBNA America and American Express is due to be denied. Counting all of the ballots of MBNA America and American Express, the unsecured class has rejected the plan.

The issue arises whether the self-liquidating plan should be confirmed. Confirming the plan would effect a cramdown of the rejecting unsecured creditors in favor of only one impaired accepting secured creditor.

The debtor is no longer operating and has already liquidated almost all of the tangible assets of the estate.[2] The main intangible asset is a cause of action against three California contracting firms which has been transferred to the United States District Court for the Central District of California. The debtor does not intend to pursue this action in California and plans to abandon the action to secured creditor Merrill Lynch.

---

[2] Colonial Bank foreclosed its mortgage on the debtor's land, offices and shop located in Prattville, Alabama. With the permission of secured creditor Merrill Lynch, the debtor sold its office equipment and machinery. The debtor is currently negotiating with Regions Bank concerning the payoff or return of a 2001 Ford Ranger XL. Two different creditors may claim a lien on a portable office building.

For several reasons, self-liquidating chapter 11 cases should be subjected to higher scrutiny.

First, a self-liquidating plan deprives unsecured creditors of the benefit of review by an independent trustee. A chapter 7 trustee has the fiduciary duty to investigate any and all claims, including any causes of action. Though a chapter 11 debtor has the same fiduciary obligation, the chapter 11 debtor has a disincentive to sue principals and insiders.

Second, chapter 11 requires administrative expenses associated with the confirmation process which are avoided by chapter 7. These include the expense of drafting and noticing a plan and disclosure statement, soliciting and reviewing ballots, and attending hearings and proffering evidence to obtain approval of the disclosure statement and confirmation of the plan. In addition, a committee of unsecured creditors adds another layer of administrative expense to many chapter 11 cases.[3] However, the need for a committee lessens when a case assumes a liquidating posture.[4]

Third, the higher costs associated with liquidation in chapter 11 make it harder to meet the "best interests of creditors" test prescribed by 11 U.S.C. § 1129(a)(7).

Therefore, absent a clear showing of benefit to the estate and creditors to be achieved by liquidation in chapter 11, a liquidating debtor should proceed in chapter 7.

---

[3] A committee was appointed in this case on December 8, 2004.

[4] A committee serves the very useful purpose of representing the interests of unsecured creditors in the face of a reorganizing debtor. The committee can advise creditors of their rights under a proposed plan and negotiate for better treatment. Committees in chapter 7 are rare because a chapter 7 trustee can usually represent very effectively the interests of unsecured creditors. Indeed, a chapter 7 trustee is charged with the fiduciary duty to maximize the estate for the benefit of unsecured creditors.

3

In the instant case, the debtor has shown no clear benefit to the estate or creditors of continuing to liquidate in chapter 11. The debtor merely argues that, "at this late stage," conversion to chapter 7 would serve no useful purpose because the estate has been largely administered and conversion would only add to the administrative costs already incurred.

The argument assumes that review by an independent trustee would prove futile for unsecured creditors. However, that is precisely the type of assumption against which the Bankruptcy Code seeks to protect unsecured creditors. The unsecured creditors have not waived that protection by consenting to the plan, and this court will not force them to do so.

For the above reasons, the court concludes that confirmation of the debtor's plan of liquidation is due to be denied.

Done this 1 day of July, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: James L. Day, Attorney for Debtor
Teresa R. Jacobs, Bankruptcy Administrator